## DECLARATION OF MOONKI KIM

Moonki Kim, under penalty of perjury and from personal knowledge, makes the following declaration:

1. I am currently employed by Dae Do Inc., trade name Vivace ("Vivace"). My title is Chief Executive Officer. My first language is Korean but I am able to read and write English with assistance. I make this Declaration in support of Vivace's opposition to the applications by Plaintiff Hair Zone Inc. ("Hair Zone") (case No. 23-03598) and Plaintiff Sun Taiyang Co. Ltd. ("Sun Taiyang") (case No. 23-03614) for temporary restraining orders.

2. I have approximately thirty years of experience working in the beauty products industry. I began employment with Vivace in July, 2022. Vivace is currently preparing to sell wigs and hair extensions.

3. To date, Vivace has not sold any products, it has not accepted any orders from any customers for any products and it has not executed any contracts or other agreements with customers. In fact, Vivace does not have any inventory of products to sell yet. Vivace has not even developed a template customer contract yet. Vivace also has not finalized or set any prices for any of the products that it plans to sell.

4. Vivace expects to begin selling its products toward the end of July 2023 or beginning of August 2023. When Vivace begins selling products, members of its sales team will be assigned responsibility to certain geographic territories. However, to date, the composition of those territories has not yet been determined and none of Vivace's sales representatives have been assigned a territory.

5. Minsoo Cho has been employed by Vivace since in or around July 2022. His position is Director on the Sales Team. When Vivace begins selling its products, Mr. Cho will supervise sales team members. Vivace does not plan for Mr. Cho to make sales himself.

6. Sung Chan Hong has been employed by Vivace since in or around March 2023. His position is Director on the Sales Team. When Vivace begins selling its products, Mr. Hong will sell Vivace products in a set geographic territory. It has not yet been determined for which geographic territory Mr. Hong will be responsible.

7. Joon Han Bae has been employed by Vivace since in or around March 2023. His position is Director on the Sales Team. When Vivace begins selling its products, Mr. Bae will supervise certain sales team members and also sell Vivace products in a set geographic territory. It has not yet been determined for which geographic territory Mr. Bae will be responsible.

8. I understand that the Plaintiffs allege that Mr. Bae, Mr. Cho and Mr. Hong have signed agreements with their former employers that contain post-employment restraints relating to the New York City metropolitan area. Neither Hair Zone nor Sun Taiyang ever previously contacted Vivace regarding Mr. Bae, Mr. Cho or Mr. Hong working for Vivace prior to filing these lawsuits. However, as noted, Vivace has not yet assigned territories to any members of its sales team. When it does so, Vivace will limit the sales responsibilities of Mr. Bae, Mr. Cho and Mr. Hong to areas outside of the New York City metropolitan area for a reasonable period of time. Had Hair Zone or Sun Taiyang contacted Vivace before filing their lawsuits we would have told them that.

9. I have reviewed the complaints in these two actions, including the descriptions contained in the complaints of the types of information Plaintiff alleges that Mr. Hong emailed to Mr. Cho and that Mr. Bae and Mr. Cho emailed to their personal email accounts prior to ending their employment with Hair Zone and Sung Taiyang respectively. I have not reviewed the actual information or documents because these documents were filed under seal in the lawsuits.

10. To my knowledge, Vivace has not used any of the information or documents referenced in the complaints in any way and I do not want Vivace to possess or use that

information or documentation. In addition, based on my understanding of the types of documents and information at issue, and my experience in this industry, such documents and information would not be considered confidential. For example, much of the pricing information referred to in the complaints appears to be the types of pricing lists commonly provided to customers by companies in the industry.

11. The information contained in such documents referenced in the complaints would not be useful to Vivace. Vivace has access to better, more detailed, and more relevant information regarding potential customers and pricing from its business partner, Kiss Nail Products, Inc. ("Kiss"). Kiss has been a leading supplier of beauty products in the United States of America for decades. For instance, Kiss sells artificial nails, falsies (eyelashes), hair color products, hair tools and accessories such as hair brushes, wrap scarfs, bonnets and caps. Kiss already possesses data regarding potential customers, product pricing and other subjects relevant to Vivace that Vivace will be able to utilize. Accordingly, Vivace would not have any need for any such information from Hair Zone or Sun Taiyang.

12. I was served with the instant lawsuits on July 5, 2023. Neither Hair Zone or Sun Taiayng ever contacted me or, to my knowledge, anyone else at Vivace concerning Mr. Bae's, Mr. Cho's and Mr. Hong's alleged possession of confidential information from their former employers. They never sent a letter, made a phone call or sent an email to Vivace. Had the Plaintiffs reached out to me prior to filing these lawsuits, I would have ensured that Vivace took reasonable steps to make sure that Vivace and its employees did not possess or use any confidential information of Hair Zone or Sun Taiyang. In fact, it is my understanding that on July 7, 2023, Vivace's legal counsel informed Plaintiff's counsel that Vivace was prepared to take those steps right away but Plaintiff's counsel requested that Vivace not take any such steps at this time.

13. I was not aware of Mr. Bae, Mr. Cho or Mr. Hong taking any information with them from Hair Zone or Sun Taiyang and I do not want Vivace to possess or make use of any such information.

14. I have instructed Mr. Bae, Mr. Cho and Mr. Hong that under no circumstances should they disclose to anyone at Vivace, or use on Vivace's behalf, any confidential information or materials belonging to any previous employer or other third party.

15. All three employees have assured me that they have not used, and will not use, any confidential information from their former employers in the course of performing their duties for Vivace. I have every reason to believe that they can and will follow this directive because Vivace already has access to the type of information it needs from other sources.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 9th day of July, 2023.

MOONKI KIM

4

315948451.2